UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>JOSE ALBERTO AGUIAR-AGUIAR,<br><br>          Defendant. | Case No.: 15cr2996 AJB<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR REDUCTION IN SENTENCE UNDER THE AMENDED SENTENCING GUIDELINES** |

  The Defendant has moved for reduction of sentence under Amendment 782 of the U.S. Sentencing Guidelines and pursuant to 18 U.S.C. § 358(c). No opposition has been filed by the Plaintiff.

  At the time of the original sentencing of the case, Mr. Aguiar's sentencing guidelines, based on an offense level 27 and a criminal history category I, were 70-87 months. In the intervening period, the sentencing guidelines have been reduced such that a recalculation at this time would result in a total offense level 25, which at criminal history category I, would yield a guideline sentence of 57-71 months. The Defendant was sentenced to 46 months after application of a 4 level departure for "Fast Track", and he now moves for a reduction in his sentence.

  The Court has considered the request and have reviewed the Motion and file materials with regard to the sentencing issues in this case. While Defendant qualifies for

1

consideration for a reduced sentence under Amendment 782 of the U.S. Sentencing Guideline and pursuant to 18 U.S.C. § 3582(c), the Court denies Defendant's request for a reduced sentence based on a consideration of all relevant factors in his case. The Court finds that the 46 month sentence is sufficient but not greater than necessary in this case.

When the sentence was handed down, the Court considered the guidelines along with 18 U.S.C. § 3553 factors in determining that the 46 months were sufficient but not greater than necessary to achieve the purposes of the Federal Government in sentencing these matters. In sentencing Defendant to 46 months, the Court departed down from the low end guideline sentence of 70 months. Even under the reduced guidelines, Defendant remains below the adjusted guideline range of 57 to 71 months.

In sentencing the Defendant, the Court departed 4 levels for "Fast Track." Because these departures were not related to substantial assistance, under section 1B1.10 of the guidelines, they do not carry over to the new amended guideline calculation. *See, United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014). As a result, the only question for this Court is whether Defendant's original sentence – with the 3553(a) departures – was lower than the new guideline range – without these departures. In this case it plainly was as the 46 months is less than the low end 57 months. Therefore, under section 1B1.10(b), since defendant received a sentence lower than the new guideline range, he is not entitled to any further reductions.

Therefore, Defendant's Motion for Reduction is denied.

IT IS SO ORDERED.

Dated: June 5, 2018

Hon. Anthony J. Battaglia
United States District Judge